**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 8 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARVIN B. DAVIS,

      Plaintiff-Appellant,

v.

CHARLES E. SIMMONS, Secretary
of Corrections; LOUIS E. BRUCE,
Warden, Hutchinson Correctional
Facility; BRUCE BROWER, CCII,
Hutchinson Correctional Facility;
PRISON HEALTH SERVICES;
LOUICIA OSBORNE; MARVIN
METTSCHER, RN, Health Care
Provider; BILL DAVIS, Master
Sergeant, Hutchinson Correctional
Facility; (FNU) KEEN, Master
Sergeant, Hutchinson Correctional
Facility; (FNU) LAWSON, Corporal,
Hutchinson Correctional Facility,

      Defendants-Appellees.

No. 03-3310
(D.C. No. 00-CV-3277-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT** [*]

---

Before **HARTZ**, **McKAY**, and **PORFILIO**, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Marvin B. Davis, a pro se inmate, appeals from the district court's order granting summary judgment in favor of the defendants on his civil rights complaint, and denying his motion for summary judgment. Davis's complaint, brought pursuant to 42 U.S.C. § 1983, charges violations of his First, Fourth, and Eighth Amendment rights arising out of his exposure to second-hand smoke at the Hutchinson Correctional Facility in Hutchinson, Kansas. We affirm.

There are two sets of defendants in this case: those affiliated with the Kansas Department of Corrections or the Hutchinson Correctional Facility ("DOC defendants"), and those affiliated with Prison Health Services ("PHS defendants"). The district court granted summary judgment on Eleventh Amendment grounds to the DOC defendants on those claims brought against them in their official capacities, and qualified immunity on those claims brought against them in their individual capacities. While denying immunity to the PHS defendants, the district court concluded that Davis failed to show that PHS or its employees had been responsible for his alleged injuries.

We review grants of summary judgment *de novo* to determine whether any genuine issue of material fact exists, viewing all

> evidence and any reasonable inferences that might be drawn therefrom in the light most favorable to the non-moving party. However, the nonmovant must establish, at a minimum, an inference of the existence of each element essential to the case.

*Croy v. COBE Laboratories, Inc.*, 345 F.3d 1199, 1201 (10th Cir. 2003) (citations and quotation omitted).

On appeal, Davis argues that the district court: (1) erred in relying on the *Martinez* report in his case, which did not meet the requirements of Fed. R. Civ. P. 56(e), and by converting a motion to dismiss to one for summary judgment; (2) improperly granted the DOC defendants Eleventh Amendment immunity on his claims for injunctive and prospective relief; (3) improperly resolved disputed issues of fact against him based on the contents of the *Martinez* report; (4) turned a "blind eye to fraud on the court," Aplt. Br. at 2; (5) failed to give independent consideration to his cross-motion for summary judgment; (6) denied his cross-motion for summary judgment without requiring a response from the defendants; (7) failed to make findings of fact and conclusions of law; (8) violated his right to due process when it ordered the clerk of court not to file his Rule 56(f) affidavit and his motions filed therewith, and by not ruling on them prior to its ruling on summary judgment; (9) improperly issued a protective order in favor of defendants, protecting them from discovery; (10) acted with bias and prejudice against Davis; and (11) violated Davis's right to due process by barring

him from filing opposing pleadings while granting the defendants' motions as uncontested.

Having reviewed the record, the briefs, and the applicable law, applying the summary judgment standard outlined above, together with any other applicable standard of review, we discern no reversible error in this case on the issues presented. The judgment of the district court is therefore AFFIRMED. All pending motions are denied.

Entered for the Court

Monroe G. McKay
Circuit Judge